**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

463 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

June 20, 2012

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   **Ringel v. First National
      12 CV 2312 (BMC)**

Dear Judge Cogan:

I represent the plaintiff in the above matter. This letter is written as the parties' joint letter in preparation for the parties' initial conference scheduled for June 26, 2012 at 2:15 p.m.

**Plaintiff's position**

This matter was filed pursuant to the Fair Debt Collection Practices Act. Plaintiff has alleged that the collection letter at issue sets forth a charge for credit card payments. On or about February 26, 2012. Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes. Said letter states in pertinent part as follows: ". . . Payment by Credit Cards -   Transaction Fees MasterCard and Visa: $5.00 per $150.00." The notification and collection of the $5 per $150 transaction fee is unlawful. *See e. g Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010). The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language "You can now pay by automated phone system . . or on the internet  Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account."

Defendant's transaction fee demand is in violation of 15 U.S.C. §§ 1692e, 1602e(10) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount

that was not authorized by contract or permitted by law.

If defendant's position is true, then it has actually violated the FDCPA in another fashion. Defendant has stated below that it does not pass on the credit card fee to the consumer or to the underlying creditor. Then what is the purpose of stating the $5.00 fee. Perhaps the intent is to discourage the consumer to pay by credit card. However, regardless of the intent, the consumer can reasonably infer that if he or she pays by credit card, the consumer will be charged a fee, which apparently is false. That is a clear violation of 1692e.

**Defendant's position**

Defendant denies that it violated the Fair Debt Collection Practices Act or any law. The case of *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept. 23 2020) is not applicable to this matter because Defendant did not attempt to charge or collect transaction fees from Plaintiff, distinguishing this matter from *Shami*. FNCB did not "collect" transaction fees from Plaintiff; rather, the transaction fee mentioned in its letter is a third-party charge by a credit card processing servicer that is triggered when a consumer chooses to pay by credit card. Defendant pays the transaction fees out of its own pocket; this transaction fee is not passed on to the consumer or to FNCB's client. Had Plaintiff made any payment to FNCB via credit card, no credit card fees set forth in its February 26, 2012 letter would have been passed on to Plaintiff. The transaction fees referenced in said letter are not included in the amounts listed therein, nor do they alter or otherwise affect the balance owed by Plaintiff. Courts considering this nearly identical scenario have consistently held that this is not a violation of the FDCPA. *See, e.g., Lee v. Main Accounts, Inc*, 125 F.3d 855, 1997 WL 618803 (6th Cir. (Ohio) Oct. 6, 1997) (unpublished); *Lewis v ACB Business Services, Inc.*, 911 F. Supp. 290 (S.D. Ohio 1996); *Mann v. National Asset Management Enterprises, Inc.* No. 04-1304 (N.D. Ill. Feb. 23, 2005).

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

Adam J. Fishbein
ADAM J. FISHBEIN, P.C.
Attorney for Plaintiff
Zack Ringel
483 Chestnut Street

Sergio Alves
KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
FIRST NATIONAL
COLLECTION BUREAU, INC.

Cedarhurst, New York 11516
516-791-4400
Fax. 516-791-4411

200 Summit Lake Drive
Valhalla, New York 10595
Tel. (914) 449-1000
Fax. (914) 449-1100